715 P.2d 449

Gary D. WALL and June Ann Preeg, Plaintiffs-Appellees,

v.

George R. PATE and Jane E. Pate, husband and wife, Defendants-Appellants.

No. 15799.

Supreme Court of New Mexico.

Feb. 26, 1986.

F. Stephen Boone, Los Alamos, for plaintiffs-appellees.

Moore & Golden, P.A., Michael J. Golden, Santa Fe, for defendants-appellants.

## OPINION

WALTERS, Justice.

Mr. Wall and Ms. Preeg (Buyers) contracted to buy Mr. and Mrs. Pate's Los

Alamos residence. When the sale fell through, Buyers sued for breach of contract. The Buyers subsequently purchased another home at a higher price and higher interest rate and, following trial, were awarded $3500 in compensatory damages and $500 in punitive damages. Mr. and Mrs. Pate (Sellers) appeal on the grounds that both damage awards are erroneous as a matter of law, and that there is no substantial evidence to support the finding that Buyers were able to close on the contract. Sellers argue a failure of proof on the elements of compensatory damages that would support any award.

In New Mexico, when a seller breaches an executory contract to sell land, compensatory damages are usually measured by the "loss-of-bargain" rule, which is the difference between the contract price and the fair market value of the property. *Conley v. Davidson*, 35 N.M. 173, 291 P. 489 (1930). That is normally termed the "general damage" rule. We have said that some circumstances may warrant recovery of ascertainable special damages, either alone or as an additional part of the compensatory award. *Aboud v. Adams*, 84 N.M. 683, 507 P.2d 430 (1973); *Adams v. Cox*, 54 N.M. 256, 221 P.2d 555 (1950). However, those cases have not articulated how "circumstances" must differ from those adequately redressed under the general damage formula.

In land contract cases, the award of damages may be measured as a direct (or general) damage, or a consequential (or special) damage, or both. D. Dobbs, *Remedies*, § 3.2 (1973). The distinction between general and special damages arose in the touchstone case of *Hadley v. Baxendale*, 9 Exch. 341, 156 Eng.Rep. 145 (1854). Later cases freely translated the rule of *Hadley* to mean that special damages may be recovered if the loss was foreseeable by the breaching party at the time of contracting. D. Dobbs, *Remedies*, § 12.3 at 804 (1973). Justice Holmes more critically analyzed the foreseeability of damages rule to include a "tacit agreement" by the defendant to respond in damages for the particular damages understood to be likely in the event of breach. *Globe Refining Co. v. Landa Cotton Oil Co.*, 190 U.S. 540, 23 S.Ct. 754, 47 L.Ed. 1171 (1903). It is this view of the kind of "certain circumstances" leading to consequential or special damages to which we alluded in *Aboud* and *Adams*. Specifically, as Professor Dobbs points out, special damages may be allowed for items of loss more or less peculiar to the plaintiff, which may not be expected to occur regularly to other plaintiffs in similar circumstances, and are a likely loss within the contemplation of the parties at the time of contracting. D. Dobbs, *Remedies*, §§ 3.2, 12.3 (1973). Stated another way, special provable damages flow from the disappointment of a special purpose for the subject matter of the contract or from unusual circumstances, either or both of which were known to the parties when they contracted. In such a case, the amount permitted under the general damage formula, alone, clearly will be either inadequate or nonexistent.

Since there was no evidence of market value in this case, we know that the $3500 compensatory award was not given for "loss-of-bargain" damages. The transcript of counsel's argument at the conclusion of the case indicates that "the cost of money"—that is, the difference in the interest rates available under the breached contract and the interest rate agreed to under the purchase contract ultimately entered into by the Buyers—formed the "special damage" compensatory award. See *Annot.*, 28 A.L.R. 4th 1078 (1984); W. Garland, *Purchaser's Interest Rate Increases: Caveat Venditor*, 27 N.Y.L.Sch.L.Rev. 745 (1982).

It is true that there was an interest differential attached to the financing of the two properties. But there was no evidence that, known to the Sellers, the Buyers entered into the contract because of the low-interest assumable mortgage available on the Sellers' property. There was additionally no evidence that such an assumable loan was unusual in the market-place through which an inference could reasonably be made that increased financing costs

upon breach were foreseeably understood, or that the favorable interest rate differential was an anticipated benefit within the contemplation of either party when the contract was entered into. The only suggestion in the record that the assumable interest rate was a special benefit sought by Buyers was in their counsel's closing argument. Argument of counsel is not evidence. *State v. Garcia,* 92 N.M. 730, 594 P.2d 1186 (Ct.App.1978), *cert. quashed,* 92 N.M. 532, 591 P.2d 286 (1979).

To decide this issue as a question of law our decision would have to be based upon an improper speculation on our part that at the relevant time and in the relevant market interest rates were rising sharply, that predictions of higher interest rates were well publicized and known to the parties, that other favorable financing was relatively unobtainable, and that other assumable mortgage properties were likewise unavailable. We decline to indulge in such speculation.

We reverse the award of compensatory damages for failure of proof. Since the compensatory damage award fails, so must the award of punitive damages. *See, e.g., Trigg v. Allemand,* 95 N.M. 128, 619 P.2d 573 (Ct.App.1980). Our reversal renders moot other grounds urged by defendants. *State v. Vogel,* 39 N.M. 122, 41 P.2d 1107 (1935).

The decision of the trial court is reversed and remanded with directions to dismiss plaintiffs' complaint with prejudice.

IT IS SO ORDERED.

RIORDAN, C.J., and SOSA, Senior Justice, concur.