**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

Opinion Number: _____

Filing Date:  May 20, 2014

Docket Nos.  32,654 & 32,777 (Consolidated)

STATE OF NEW MEXICO,

       Plaintiff-Appellant/Cross Appellee

v.

MACARTHUR CORDOVA,

       Defendant-Appellee/Cross Appellant.

APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Michael E. Martinez, District Judge

Gary K. King, Attorney General
Santa Fe, NM
Sri Mullis, Assistant Attorney General
Albuquerque, NM

for Plaintiff-Appellant/Cross Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, New Mexico

for Defendant-Appellee/Cross Appellant

**OPINION**

**HANISEE, Judge.**

{1}    Defendant Macarthur Cordova appeals from the district court's order revoking his probation and sentencing him to the Department of Corrections for violating the terms of his probation. Defendant asserts that the record supports a prima facie case of ineffective assistance of counsel and asks this Court to remand the case to the district court for an evidentiary hearing. Alternatively, Defendant argues, pursuant to *Lafler v. Cooper*, __ U.S. __, 132 S. Ct. 1376 (2012), the district court erred in failing to require the State to reoffer

a plea that he previously rejected due to the ineffectiveness of his counsel. We conclude that the record is insufficient to establish a prima facie case of ineffective assistance of counsel on direct appeal. We therefore affirm the district court and reject Defendant's request to remand for an evidentiary hearing.

## BACKGROUND

**{2}** In June 2011 Defendant entered into a plea agreement in which he pleaded guilty to (1) attempt to commit aggravated battery, (2) felon in possession of a firearm or destructive device, and (3) tampering with evidence. Defendant was sentenced as a habitual offender with one prior felony conviction, and his sentence was enhanced by one year of mandatory incarceration. The district court sentenced Defendant to four-and-one-half years, to be served consecutively, plus the one-year enhancement. All but one year of the sentence was suspended. With presentence confinement credit, Defendant served no additional jail time and was placed on supervised probation for two years.

**{3}** In September 2012 the State moved to revoke Defendant's probation after he allegedly violated terms of his probation; a probation violation hearing was set before Judge Angela Jewell on October 17, 2012. On October 15, 2012, the New Mexico Public Defender Department, through Shoshanah Epstein, entered its appearance on behalf of Defendant. On the day of the hearing, Epstein met with Defendant for the first time in court and informed him that the State was offering him a seven-year sentence to resolve the case. After a brief conversation just prior to the time when the district court went on record, Defendant shook his head, indicating that he did not want to accept the State's offer. At the hearing, Epstein requested that the hearing be reset before Judge Michael Martinez, who had presided over a prior violation hearing regarding conditions of Defendant's probation earlier in the year. Judge Jewell agreed to set the hearing for the following day before Judge Martinez.

**{4}** At the October 18, 2012 hearing, Judge Martinez found that Defendant violated the terms of his probation. Specifically, the district court found that Defendant failed to report to his probation officer, failed to provide documentation that he received morphine while hospitalized, and continuously missed counseling appointments. At Defendant's sentencing hearing on November 29, 2012, Epstein asserted that she was ineffective in failing to properly advise Defendant about the seven-year plea that the prosecution had offered and in proceeding to the violation hearing only twenty-four hours after meeting her client. Due to her alleged deficient performance, Epstein argued that pursuant to *Lafler*, __ U.S. __, 132 S. Ct. 1376, the district court should order the State to reinstate the seven-year sentence that it had offered on October 17, 2012.

**{5}** The district court initially found that Epstein was ineffective and granted Defendant a new probation revocation hearing. However, after a discussion with counsel in chambers, the district court stated, "I'm going to retract my ruling. I'm not going to order a new [probation violation] hearing." Instead, the court reiterated its finding that there was ineffective assistance of counsel but set a hearing on the issue of prejudice for the following

week. However, after additional discussion, the court stated, "I don't think I'm in a position now to find ineffective assistance of counsel." The district court then sentenced Defendant to nineteen years. Defendant appeals.

**DISCUSSION**

**1.      Ineffective Assistance of Counsel**

**{6}**      The Sixth Amendment to the United States Constitution, applicable to the states through the Fourteenth Amendment, guarantees defendants in criminal proceedings the right to effective assistance of counsel. *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 16, 130 N.M. 179, 21 P.3d 1032. This Court has held that the right to effective assistance of counsel extends to probation revocation hearings. *State v. Leon*, 2013-NMCA-011, ¶ 12, 292 P.3d 493, *cert. quashed*, 2013-NMCERT-010, 313 P.3d 251. On appeal, Defendant asserts that counsel was ineffective in (1) failing to speak to his probation officer or drug counselor and (2) failing to investigate or even be aware of his claim that he had been hospitalized, which was the reason for his failure to report to his probation officer. We review claims of ineffective assistance of counsel de novo. *Duncan v. Kerby*, 1993-NMSC-011, ¶ 7, 115 N.M. 344, 851 P.2d 466.

**{7}**      Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal. *Id. ¶* 4; *State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494; *State v. Hunter*, 2006-NMSC-043, ¶ 30, 140 N.M. 406, 143 P.3d 168. Therefore, this Court will only remand a case for an evidentiary hearing if the record on appeal supports a prima facie case of ineffective assistance of counsel. *State v. Dylan J.*, 2009-NMCA-027, ¶ 42, 145 N.M. 719, 204 P.3d 44. "This preference stems from a concern that the record before the [district] court may not adequately document the sort of evidence essential to a determination of trial counsel's effectiveness." *State v. Schoonmaker*, 2008-NMSC-010, ¶ 31, 143 N.M. 373, 176 P.3d 1105 (internal quotation marks and citation omitted). Therefore, when a defendant presents a prima facie case on appeal, "[r]emanding for a hearing is usually necessary because the claim of ineffective assistance is brought on appeal, and thus, the trial court did not have the chance to rule on the issue." *Grogan*, 2007-NMSC-039, ¶ 18.

**{8}**      In this case, the claim was raised in the district court, and the court made findings on the issue. Nonetheless, we conclude that the record does not contain all the facts necessary for a full determination of the issue. *See State v. Paredez*, 2004-NMSC-036, ¶ 22, 136 N.M. 533, 101 P.3d 799 ("[W]e have held when the record does not contain all the facts necessary for a full determination of the issue, an ineffective assistance of counsel claim is more properly brought through a habeas corpus petition[.]" (internal quotation marks and citation omitted)). Additionally, for the reasons that follow, we conclude that Defendant has failed to present a prima facie case of ineffective assistance of counsel.

**{9}**      A prima facie case of ineffective assistance of counsel requires that a defendant

3

establish that: "(1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense." *State v. Bahney*, 2012-NMCA-039, ¶ 48, 274 P.3d 134; *accord State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289 ("For a successful ineffective assistance of counsel claim, a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice."). Defendant asserts that counsel failed to investigate "and perhaps was unaware of" his claim that he failed to report to his probation officer because he had been hospitalized. Defendant also claims that counsel's failure to speak with his probation officer or his substance-abuse counselor prevented counsel from rebutting testimony that he failed to comply with the requirement that he go to substance-abuse counseling. Assuming that this Court would have decided the first two prongs of a prima facie case in Defendant's favor, his arguments would still fail because he cannot demonstrate that counsel's performance was prejudicial to his defense under the third prong. *See State v. Allen*, 2014-NMCA-047, ¶ 19, ___ P.3d ___ (No. 32,066, Dec. 16, 2013) ("[E]ven if [the d]efendant were able to demonstrate that [the] trial counsel's conduct was deficient . . . [the d]efendant has failed to establish that any of the claimed actions or inactions prejudiced [the defense].").

> With respect to the showing that counsel's deficient performance prejudiced the defense, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Lytle v. Jordan*, 2001-NMSC-016, ¶ 27, 130 N.M. 198, 22 P.3d 666 (alteration in original) (quoting *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

**{10}** While counsel raised her alleged ineffectiveness at the sentencing hearing, she did not specifically address the two instances of conduct that are being raised on appeal. At the sentencing hearing, Epstein argued that she was ineffective, in part, because she "fail[ed] to investigate." She also stated, "I was not aware of the specific claims that were being made. I did not have the opportunity to interview . . . the individuals who were making the allegations." She made similar statements regarding her alleged ineffectiveness multiple times during the hearing. The record of counsel's alleged ineffectiveness consists of counsel's arguments at Defendant's sentencing hearing. However, the "[a]rgument of counsel is not evidence." *Wall v. Pate*, 1986-NMSC-014, ¶ 5, 104 N.M. 1, 715 P.2d 449, *overruled on other grounds by Sunnyland Farms, Inc. v. Cent. N.M. Elec. Co-op., Inc.*, 2013-NMSC-017, 301 P.3d 387; *see State v. Spearman*, 2012-NMSC-023, ¶ 39, 283 P.3d 272 (explaining that the "[a]llegations of counsel are not generally considered evidence" in rejecting counsel's claim of prejudice). A general claim of failure to investigate is not sufficient to establish a prima facie case if there is no evidence in the record indicating what information would have been discovered. The only evidence, other than Defendant's testimony, in the record that Defendant was in the hospital and had been given morphine was one page of a five-page document, about which the district court expressed reservation due

4

to its incomplete nature. Without additional, specific evidence as to the basis of Defendant's defense, we cannot say that but for counsel's performance, there is a reasonable probability that the outcome would have been different. In other words, there has been no prima facie showing of prejudice to Defendant.

**{11}** The same is true of Defendant's second claim of ineffectiveness. There is no evidence in the record indicating what additional information Defendant's probation officer or his counselor would have provided that would have, with a reasonable probability, changed the outcome of the proceedings. *See State v. Dartez*, 1998-NMCA-009, ¶ 27, 124 N.M. 455, 952 P.2d 450 (holding that counsel's failure to interview the witness was not prejudicial, for purposes of a claim of ineffective assistance, in the absence of any indication that the witness's testimony would have benefitted the defendant). We do not know what Defendant's probation officer or his counselor would have said or whether it would have benefitted Defendant because they did not testify. Accordingly, we conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel with respect to these two claims.

## II.      Ineffective Assistance of Counsel Resulting in Rejection of Plea

**{12}** In addition to the ineffective assistance of counsel claims addressed above, Defendant raises a claim pursuant to *Lafler*, ___ U.S. ___, 132 S. Ct. 1376. This raises an issue of first impression in New Mexico, as there is no New Mexico case law addressing *Lafler* or its companion case, *Missouri v. Frye*, ___ U.S. ___, 132 S. Ct. 1399 (2012). In both cases, the defendant sought "a remedy [after] inadequate assistance of counsel caused nonacceptance of a plea offer and further proceedings led to a less favorable outcome." *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1382-83; *accord Frye*, ___ U.S. ___, 132 S. Ct. at 1404-05. The United States Supreme Court addressed how to apply the prejudice prong of the *Strickland* test when "ineffective advice led not to an offer's acceptance but to its rejection." *Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384-85.

> In these circumstances a defendant must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

*Id.* at ___, 132 S. Ct. at 1385. With respect to potential remedies, the Court explained that in some cases, "the proper exercise of discretion to remedy the constitutional injury may be to require the prosecution to reoffer the plea proposal." *Id.* at ___, 132 S. Ct. at 1389.

**{13}** Defendant argues that he is entitled to an order directing the State to reoffer the

seven-year plea. He asserts that he rejected the plea as a result of his attorney's failure to adequately explain the plea and discuss his case with him. Although the standard to be applied in this context is different, it is nevertheless an ineffective assistance of counsel claim. Therefore, we see no reason to treat this case any differently than any other alleging ineffective assistance of counsel on appeal. In other words, the preference, discussed earlier, that these claims be adjudicated in habeas proceedings rather than on appeal still applies. *See Hunter*, 2006-NMSC-043, ¶ 30. Resolution of this type of claim will require an adequate record just like any other ineffective assistance of counsel claim. *See id.*; *Schoonmaker*, 2008-NMSC-010, ¶ 31. Accordingly, we will remand to the district court for an evidentiary hearing only if the defendant has presented a prima facie case of ineffective assistance of counsel. *Dylan J.*, 2009-NMCA-027, ¶ 42. According to the *Strickland* test, the nature of this case requires that Defendant establish that counsel's representation fell below an objective standard of reasonableness and resulted in prejudice. *See Lafler*, ___ U.S. at ___, 132 S. Ct. at 1384-85; *Bernal*, 2006-NMSC-050, ¶ 32.

**{14}**  Defendant's counsel raised her alleged ineffectiveness pursuant to *Lafler* in the district court. In fact, she filed a motion to enforce the State's original plea offer pursuant to *Lafler.* Although the court heard argument on counsel's motion, no evidentiary hearing was held on the issue. As we explained with regard to the two other claims, the argument of counsel is not evidence. *Wall*, 1986-NMSC-014, ¶ 5.

**{15}**  In rare cases, our Supreme Court has been willing to reach the merits of ineffective assistance of counsel claims without the benefit of an evidentiary hearing. In *Grogan*, for example, the Court concluded that defense counsel's action in failing to secure and review his own expert's opinion, which was the most damaging evidence presented at trial, "constituted such obvious attorney incompetence, it cannot be rebutted." 2007-NMSC-039, ¶ 17. In other cases, the Court has reached the merits only when an evidentiary hearing was held at the trial level. *See, e.g.*, *Hunter*, 2006-NMSC-043, ¶¶ 30-31 (ruling on a claim where an evidentiary hearing regarding counsel's effectiveness had been conducted in the district court). This is not a case of obvious incompetence, and no evidentiary hearing was held in the district court. Additionally, there is no evidence in the record below indicating what counsel discussed with Defendant with respect to the plea offer that would allow this Court to assess the adequacy of counsel's performance. Furthermore, there is no evidence relating to (1) the likelihood that Defendant would have accepted the offer but for counsel's allegedly inadequate advice; (2) whether the prosecution would have withdrawn the offer in light of intervening circumstances; or (3) whether the court would have accepted the terms of the plea. We do know that Defendant was offered a seven-year plea, which he rejected, and was ultimately sentenced to nineteen years, which establishes one requirement of his *Lafler* claim. However, for the most part, the resolution of this claim depends on evidence not in the record. We therefore conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel with respect to the rejection of his plea offer.

**CONCLUSION**

**{16}** Because we determine that Defendant has not presented a prima facie case of ineffective assistance of counsel with respect to any of the claims that he raised, we decline to remand the case to the district court for an evidentiary hearing. This decision, however, does not preclude Defendant from pursuing habeas corpus proceedings on these issues.

**{17}    IT IS SO ORDERED.**

 

 
_____

**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____

**RODERICK T. KENNEDY, Chief Judge**

_____

**LINDA M. VANZI, Judge**