This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                                                      **NO. 35,463**

**DONNA ROMERO,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF QUAY COUNTY**
**Albert J. Mitchell, Jr., District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}     Defendant appeals her convictions for possession of methamphetamine, distribution of methamphetamine, and two counts of possession of drug paraphernalia.

We issued a calendar notice proposing to affirm. Defendant has responded with a memorandum in opposition. We affirm.

{2} Initially, we note that this case originated as two separate proceedings, which were consolidated for trial, but resulted in separate judgments. As a result, we have two separate records, D-1010-CR-14-00035 [hereinafter referred to as RP 35] and D-1010-CR-14-00036 [hereinafter referred to as RP 36].

**VIDEOTAPE**

{3} Defendant continues to claim that the State had a duty to preserve a videotape of a day room inside the jail that allegedly would have shown methamphetamine being passed around by other inmates. [MIO 4-5] As indicated by our discussion of Defendant's sufficiency issue and as referenced by the State below [RP 35 at 35; RP 36 at 182], the charges were not based on any conduct that occurred in the day room. The video was therefore not material, and the failure to preserve it did not prejudice Defendant. *See State v. Chouinard*, 1981-NMSC-096, ¶ 16, 96 N.M. 658, 634 P.2d 680 (requiring a defendant to show that the State breached a duty to preserve, that the item was material, and that prejudice resulted). Although Defendant claims that the videotape could possibly have shown that the distribution took place elsewhere, "[t]he mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense." *State v. Martin*, 1984-NMSC-077, ¶ 37, 101

N.M. 595, 686 P.2d 937 (internal quotation marks and citation omitted). The videotape would have been material if there had been any other evidence to support Defendant's otherwise purely speculative claim. Because the charges were not based on any activity in the day room and because there is no evidence to support the mere possibility that the distribution occurred in the day room, we conclude that no error occurred.

**SUFFICIENCY**

{4}     Defendant continues to challenge the sufficiency of the evidence to support her convictions for possession of methamphetamine, possession of drug paraphernalia, trafficking (distribution) methamphetamine, and tampering with evidence. [MIO 7] A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 1994-NMSC-121, ¶ 6, 118 N.M. 762, 887 P.2d 756 (internal quotation marks and citation omitted).

{5}     In this case, an officer stopped Defendant based on a traffic violation, and she was found to be in possession of a glass pipe with a white substance on it that was later identified to be methamphetamine. [DS 2-3] We conclude that this was sufficient

3

to support the convictions for possession of methamphetamine and possession of drug paraphernalia. [*See* Jury Instructions, RP 35 at 253, 254] Defendant was arrested, and three days later she was searched in jail, and methamphetamine was discovered hidden in her vagina (hence the tampering charge). [DS 4] Additional methamphetamine was found in a cell that Defendant shared with Jodi Romero. [DS 4] Jodi Romero testified that the methamphetamine was hers and had been given to her by Defendant. [DS 4-5] Defendant claims that this witness was untrustworthy. [MIO 7] It was for the fact-finder to resolve this credibility challenge. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie). We believe that this evidence was sufficient to support the trafficking (distribution) and tampering convictions. [*See* Jury Instructions, RP 36 at 286, 289]

**INEFECTIVE ASSISTANCE OF COUNSEL**

{6}     Defendant claims that trial counsel was ineffective. [MIO 10] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. A defendant must show that counsel's actions were not

4

simply matters of strategy, were made part of the record, and have prejudiced Defendant. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel" (internal quotation marks and citation omitted)).

**{7}** Here, Defendant claims that counsel should have raised as a defense to the trafficking charge that she was forced to bring the methamphetamine into jail because she had it on her person when she was arrested and to use this claim as a basis for requesting a lesser included instruction on the distribution claim. We consider trial counsel's decision to challenge the credibility of the State's witness, rather than to concede possession, to be a matter of strategy. *See State v. Crain*, 1997-NMCA-101, ¶ 25, 124 N.M. 84, 946 P.2d 1095 ("[W]e regard trial counsel's choice and presentation of defenses and defense witnesses as falling within the ambit of trial tactics and strategy."). Defendant's claims are more properly pursued in habeas proceedings. *See State v. Cordova*, 2014-NMCA-081, ¶ 7, 331 P.3d 980 ("Our Supreme Court has expressed a preference that ineffective assistance of counsel claims be adjudicated in habeas corpus proceedings, rather than on direct appeal.").

**{8}** For the reasons set forth above, we affirm.

**{9}** **IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**

_____

**TIMOTHY L. GARCIA, Judge**

_____

**J. MILES HANISEE, Judge**