This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38473**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BAYNES H.**

Child-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CURRY COUNTY**
**Fred Van Soelen, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
B. Douglas Wood III
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Baynes H. (Child) appeals from the district court's order revoking his probation. [RP 177-78][1] In this Court's notice of proposed disposition, we proposed to summarily affirm. Child filed a memorandum in opposition (MIO), which we have duly considered. Remaining unpersuaded, we affirm.

---

1All references to the record proper are to case number D-905-JR-2017-00108.

**{2}** In Child's docketing statement, he contended that the State failed to provide sufficient evidence of his probation violations. [DS 7] In his memorandum in opposition, Child continues to challenge the sufficiency of the evidence presented, but now specifically argues that there was insufficient evidence to establish beyond a reasonable doubt that the violations were willful. [MIO 4] "Before a court can find [a c]hild to have violated his probation, evidence tending to establish his own willful conduct beyond a reasonable doubt must have been presented to the court." *In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339; *see also* NMSA 1978, § 32A-2-24(B) (2009) ("The standard of proof in probation revocation proceedings shall be evidence beyond a reasonable doubt and the hearings shall be before the court without a jury."); *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258 (providing that, in determining whether there was sufficient evidence to support a district court's revocation of a child's probation, we apply the Rules of Evidence and view the evidence presented in the "light most favorable to the [s]tate indulging all reasonable inferences in favor of the [district] court's judgment"). While the burden of proving a willful violation always remains on the State, after the State presents a prima facie case of a violation, a child must come forward with evidence that the failure to comply was not willful. *See State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321 (requiring a defendant to put forth some "evidence to excuse non-compliance" in order to challenge the willfulness of a probation violation).

**{3}** In the present case, Child was required to check in with his juvenile probation officer daily. [DS 3-4; *see also* RP 146] In his memorandum in opposition, Child argues he "had just undergone a life change in being evicted from his home[,]" and "such a change may have rendered communication impossible or at least more difficult than usual." [MIO 6] Child fails, however, to show that he presented evidence to the district court establishing that he was unable to comply with this condition. *See id.* ¶ 8 (concluding that a district court properly exercises its discretion to revoke probation when a defendant fails to come forward with evidence that a failure to comply with conditions was not willful); *see also State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("[A]rgument of counsel is not evidence." (internal quotation marks and citation omitted)). Accordingly, we conclude the district court did not err in revoking Child's probation based on his failure to contact his JPO daily and need not analyze Child's arguments regarding the other violations of his probation. *See State v. Leon*, 2013-NMCA-011, ¶ 37, 292 P.3d 493 (stating, with reference to an adult probationer, that sufficient evidence to support even one violation supports affirmance of a district court's revocation of probation).

**{4}** Additionally, Child continues to argue that revocation of his probation was improper because the State failed to file a witness list as required by Rule 10-231(A)(5) NMRA, and cumulative error mandates reversal of the district court's decision. [MIO 3, 7] In our notice of proposed disposition, we proposed to affirm on these issues because Child had actual, prior notice of the only witness at the revocation hearing, and he failed to demonstrate cumulative error. Child has not asserted any facts, law, or argument in his memorandum in opposition that persuade this Court that our notice of proposed disposition was erroneous on either of these issues. *See Hennessy v. Duryea*, 1998-

NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact[,]" and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

**{5}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm the district court's order.

**{6} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**JULIE J. VARGAS, Judge**

**KRISTINE BOGARDUS, Judge**