# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2022-NMCA-012**

**Filing Date: October 21, 2021**

**No. A-1-CA-39333**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**LEIGHTON BEGAYE,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Certiorari Denied, February 17, 2022, No. S-1-SC-39078. Released for Publication March 22, 2022.

Hector H. Balderas, Attorney General
Santa Fe, NM
Anne Minard, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## OPINION

**HENDERSON, Judge.**

**{1}** A jury convicted Defendant Leighton Begaye of one count of criminal sexual contact of a minor (CSCM) for forcibly touching the breast of K.B., a sixteen-year-old female. Defendant appeals his conviction, arguing that fundamental error occurred because of the failure to instruct the jury on lack of consent, which Defendant claims is an element of the offense. We conclude that lack of consent is not an element of CSCM, and thus no fundamental error occurred. Accordingly, we affirm.

**BACKGROUND**

**{2}** Defendant, a thirty-three-year-old man, who appeared intoxicated, entered a candy shop where sixteen-year-old K.B. was working alone. K.B.'s employers instructed her to serve water to any intoxicated person who entered the store.

**{3}** Following these instructions, K.B. served Defendant water. Defendant lingered and made lewd comments of a sexual nature to K.B.

**{4}** Defendant asked for K.B.'s tip money, which she gave him. Defendant asked for K.B.'s contact information, but she refused to give it to him. Defendant then wrote down his email address and gave it to K.B., and repeatedly asked her to hug him. K.B. extended her hand across the counter in an attempt to shake Defendant's hand. Defendant took her hand and forcibly pulled her into a hug. As Defendant released her from the hug, he brushed his hand over her chest and squeezed her breast. K.B. stated during her testimony that she did not want the hug, did not want the grope, and did not know how to pull away. She further stated, "I didn't want any of it to happen."

**{5}** Defendant was charged by criminal information with a single count of CSCM (force), contrary to NMSA 1978, Section 30-9-13(D)(1) (2003). At a jury trial, Defendant maintained that surveillance video footage of his encounter with K.B. was evidence of her consent to his actions. The jury convicted Defendant, and this appeal followed.

**DISCUSSION**

**I.     Standard of Review**

**{6}** Defendant argues that lack of consent is an element under Section 30-9-13. Defendant's claim that consent is an element of the offense is an issue of statutory construction reviewed de novo. *See State v. Barela*, 2021-NMSC-001, ¶ 5, 478 P.3d 875. Because the jury instruction issue was unpreserved, we examine the record for fundamental error. *See* Rule 12-321(B)(2)(c) NMRA; *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134 (recognizing that unpreserved jury instruction issues are reviewed for fundamental error).

**II.    No Fundamental Error Occurred Because Lack of Consent Is Not an Element of the CSCM Statute, Section 30-9-13**

**{7}** A jury must be instructed on "all questions of law essential for a conviction of any crime submitted to the jury[,]" Rule 5-608(A) NMRA, and the failure to instruct on an essential element of a crime generally constitutes fundamental error. *State v. Osborne*, 1991-NMSC-032, ¶ 10, 111 N.M. 654, 808 P.2d 624. However, if it is indisputable that the evidence at trial established the missing element, the fact that the jury was not instructed on the element is not considered fundamental error. *See State v. Orosco*, 1992-NMSC-006, ¶ 12, 113 N.M. 780, 833 P.2d 1146 ("[W]hen a jury's finding that a defendant committed the alleged act, under the evidence in the case, necessarily

includes or amounts to a finding on an element omitted from the jury's instructions, any doubt as to the reliability of the conviction is eliminated and the error cannot be said to be fundamental."). However, we do not need to consider the *Orosco* exception in this case because we conclude that the lack of consent was not an element of the crime involved here.

**{8}**     We begin by examining the statutory language of Section 30-9-13. "In determining what is or is not an essential element of an offense, we begin with the language of the statute itself, seeking of course to give effect to the intent of the [L]egislature." *State v. Stevens*, 2014-NMSC-011, ¶ 15, 323 P.3d 901 (internal quotation marks and citation omitted). In relevant part, Section 30-9-13(A) criminalizes "the unlawful and intentional touching of or applying force to the intimate parts of a minor." Section 30-9-13 sets forth multiple alternative grounds for committing CSCM. The State prosecuted Defendant under Subsection (D)(1), which forbids CSCM "of a child thirteen to eighteen years of age perpetrated with force or coercion." While criminal sexual contact of an adult includes lack of consent as an essential element of the offense, NMSA 1978, § 30-9-12(A) (1993), the Legislature omitted this lack of consent element from the CSCM statute. *Compare* § 30-9-12(A) ("Criminal sexual contact is the unlawful and intentional touching of or application of force, *without consent*, to the unclothed intimate parts of [an adult.]" (emphasis added)), *with* § 30-9-13(A) ("Criminal sexual contact of a minor is the unlawful and intentional touching of or applying force to the intimate parts of a minor or the unlawful and intentional causing of a minor to touch one's intimate parts."). Thus, the language the Legislature chose to include in Section 30-9-13(A) does not support the argument of Defendant that lack of consent is an element of Section 30-9-13(A).

**{9}**     We now consider the jury instruction for this offense. In this case, the district court's jury instruction as to CSCM (force) included the following elements:

1.     [D]efendant touched or applied force to the breast of [K.B.];

2.     [D]defendant used physical force;

3.     [K.B.] was at least thirteen (13) but less than eighteen (18) years old;

4.     This happened in New Mexico on or about June 18, 2019.

*See* UJI 14-921 NMRA. We observe that this jury instruction does not include lack of consent as an essential element, which is consistent with and accurately reflects the language of the CSCM (force) statute. *Id.* This is also supported by the committee commentary to UJI 14-921:

> Criminal sexual contact of an adult by the touching or application of force, as distinguished from the causing of a touching, etc., requires that the contact be without the consent of the victim. That is not the case in

criminal sexual contact of a minor, and these instructions omit the requirement.

Therefore, Defendant's argument is not supported by the language in the uniform jury instruction.

**{10}** We next turn to our Supreme Court's precedent, and the case relied on by both parties, *State v. Samora*, 2016-NMSC-031, 387 P.3d 230. In *Samora*, the defendant appealed from his conviction of criminal sexual penetration in the commission of a felony (CSP-felony) for luring a sixteen-year-old male into his truck, driving him to a secluded location, and forcibly penetrating him. *Id.* ¶ 1. At issue in *Samora* was whether the trial court had erred in omitting the phrase "without consent" in the jury instruction relevant to a CSP-felony. *Id.* ¶ 2. Our Supreme Court held that the omission was fundamental error. *Id.*

**{11}** To reach its conclusion, the Court in *Samora* discussed the statutory distinctions relating to sex crimes, the age of the victims, and the relevance of consent. In discussing NMSA 1978, Section 30-9-11(E)(1) (2009), second-degree criminal sexual penetration (CSP) of a child between the ages of thirteen and eighteen years old by the use of force or coercion, the Court noted that "[u]nder that form of CSP, if the prosecution has proved that force or coercion was used by the perpetrator, it has also necessarily proved that the act was non-consensual, and a separate finding of a lack of consent is not required." *Id.* ¶ 26.

**{12}** Here, Defendant argues that the above statement from *Samora* is dicta because the defendant in that case had been prosecuted under a different subsection of the statute. We disagree and hold that the *Samora* analysis is critical to the conclusion that the Legislature made distinctions on the various elements of proving sex crimes based on the age of the victim and the theory of prosecution. In other words, whether a defendant is charged with CSP or CSCM, the use of force on a child between the ages of thirteen and eighteen makes consent irrelevant. We also note that the Supreme Court cited approvingly this Court's opinion in *State v. Perea*, 2008-NMCA-147, ¶ 9, 145 N.M. 123, 194 P.3d 738, where we stated that "[c]onsent of a child between the ages of thirteen and sixteen to engage in sexual intercourse is irrelevant where force or coercion is involved." *Accord Samora*, 2016-NMSC-031, ¶ 26.

**{13}** Notwithstanding this language in *Samora*, Defendant relies on the fact that the Supreme Court ultimately held that it was fundamental error to fail to instruct on the element of consent on the CSP count in that case, which also involved a sixteen year old. Defendant's reliance on this conclusion is misplaced. In *Samora,* the defendant was not convicted of CSP of a minor under Section 30-9-11(E)(1) (force). Instead, the defendant was convicted of the "in the commission of a felony" alternative (CSP-felony), which does not statutorily eliminate the issue of consent based on the victim's age. *Samora*, 2016-NMSC-031, ¶ 25 (internal quotation marks and citation omitted); *see* § 30-9-11(E)(5).

**{14}** Defendant's reliance on *Stevens* is also unpersuasive. Like *Samora*, *Stevens* involved the CSP-felony statute. In *Stevens*, our Supreme Court observed that the Legislature "has never deviated from the common law approach of criminalizing only those sex acts that are perpetrated on persons without their consent, either as a matter of fact or, in the case of children or other vulnerable victims, as a matter of law." 2014-NMSC-011, ¶ 27. The Court explained that otherwise noncriminal, consensual sexual contact was not punishable solely because it occurred during the commission of a felony. Therefore the CSP-felony offense was intended to criminalize only "sexual acts perpetrated on persons without their consent[.]" *Id.* ¶¶ 37-39. The instruction given in the present case is consistent with this language in *Stevens* because the Legislature here has criminalized CSCM under Section 30-9-13(D) "as a matter of law" based on the age of the victim, use of force by the defendant, and omits lack of consent as an element of the crime. *Stevens*, 2014-NMSC-011, ¶¶ 27, 39

**{15}** Defendant also refers us to *State v. Apodaca*, 2021-NMCA-001, 482 P.3d 1224, *cert. granted*, 2020-NMCERT-___ (No. S-1-SC-38288, Nov. 25, 2020), where this Court noted that the jury had to find lack of consent in a case involving CSP based on the use of physical force between two adults, where the district court denied defendant's request for a mistake of fact jury instruction. *See id.* ¶¶ 1, 30. Again, there is nothing inconsistent between the need to prove lack of consent in *Apodaca* and its irrelevance in this case. The victim in *Apodaca* was an adult, and proof of lack of consent was necessary for the reasons explained above. *See id.* ¶ 30.

**{16}** Finally, Defendant claims that the failure to read a lack of consent element into Section 30-9-13 will lead to absurd results because a sixteen-year-old can consent to sexual intercourse, which necessarily involves sexual contact. *See State v. Marshall*, 2004-NMCA-104, ¶ 7, 136 N.M. 240, 96 P.3d 801 (stating that the courts give effect to the plain language of a statute unless it leads to absurd or unreasonable results). We disagree. First, the requirement that the State prove force in this type of case largely removes this concern. Second, given the age disparity between Defendant and K.B., any similarly situated defendant would have faced the same degree of felony punishment for consensual sex under the applicable CSP statute. *Compare* § 30-9-11(G)(1), *with* § 30-9-13(D)(1).

**{17}** Defendant's claim that lack of consent should have been included in this instruction as an essential element of CSCM is not supported by the language of the statute, the applicable UJI, or our case law. Consent of a child between the ages of thirteen and sixteen to engage in sexual contact is irrelevant where force occurred. In light of our determination that lack of consent is not an essential element of Section 30-9-13(D), we do not need to consider Defendant's argument that the omission of this instruction amounted to fundamental error because the issue of consent was in dispute.

**CONCLUSION**

**{18}** For the reasons set forth above, we affirm.

**{19}** IT IS SO ORDERED.

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**GERALD E. BACA, Judge**