The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

Opinion Number: _____

Filing Date: June 30, 2023

**No. A-1-CA-38510**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**EDWARD CEBADA,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Court Judge**

Raúl Torrez, Attorney General
Van Snow, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Joelle N. Gonzales, Assistant Appellate Defender
Santa Fe, NM

for Appellant

# OPINION

**HENDERSON, Judge.**

{1}     A jury convicted Defendant Edward Cebada of one count of criminal sexual penetration of a minor (CSPM) for digitally penetrating the vagina of a sixteen-year-old female (Victim) by force or coercion, contrary to NMSA 1978, Section 30-9-11(E)(1) (2009).[1] Defendant appeals his conviction, arguing: (1) the jury should have been instructed on the age of consent in New Mexico; (2) the jury's question of the age of consent in New Mexico should have been answered; and (3) the district court should have granted a new trial based on the jury's responses to polling that indicated it was confused about the age of consent in New Mexico. The district court instructed the jury that a conviction of CSPM required the act to have been unlawful, including that it was committed without consent. We again reiterate that lack of consent is not a necessary element of CSPM by force or coercion. *See State v. Begaye*, 2022-NMCA-012, ¶¶ 10-12, 505 P.3d 871, *cert. denied* (S-1-SC-39078, Feb. 17, 2022). However, no one having complained on appeal about that instruction, we take the opportunity to explain that under the facts of this case the jury was not required to be further instructed on the age of consent in New Mexico. We accordingly reject Defendant's arguments and affirm.

---

[1]Defendant was also convicted of attempted CSPM by force or coercion, contrary to Section 30-9-11(E)(1) and NMSA 1978, Section 30-28-1(1963), but his conviction was vacated by the district court on double jeopardy grounds.

**BACKGROUND**

{2}     The factual background of this case is less relevant to our discussion than the events that occurred at trial, so we only briefly discuss them for context. At some point, Defendant became acquainted with the Victim in this case through his job working at a gas station. After exchanging a number of texts, the two arranged to go on a date at a local mall. They walked in the mall for some time before going outside and sitting together in the Victim's car in the mall parking lot. The two were kissing when Defendant began rubbing the Victim's thigh with his hand. The Victim testified at trial that Defendant attempted to move his hand further up her leg and into her shorts, but that she moved his hand away and told him to stop. Despite this, Defendant ultimately slipped his hand inside the Victim's shorts and started rubbing her vagina and digitally penetrating her. The Victim was able to move Defendant's hand at some point, and when Defendant tried to continue she told him again that she wanted him to stop. While the two were in the car the Victim texted a friend asking her to call Victim, and when the friend called, the Victim told Defendant that she needed to leave; the encounter ended soon afterward. Law enforcement discovered the incident and Defendant was indicted by a grand jury for CSPM and other alleged crimes. In the end, Defendant was convicted of one count of CSPM, and although Defendant moved for a new trial, his motion was denied. He now appeals.

{3} We discuss any remaining facts, and the events during Defendant's trial, as they become relevant to our analysis.

**DISCUSSION**

**I.    Age of Consent Instruction**

{4} We first discuss whether the district court erred by not instructing the jury on the age of consent in New Mexico. "The standard of review we apply to jury instructions depends on whether the issue has been preserved." *State v. Benally*, 2001-NMSC-033, ¶ 12, 131 N.M. 258, 34 P.3d 1134. If it has been preserved, we review for reversible error, but otherwise, we review for fundamental error. *See id.*

{5} The State argues that Defendant failed to preserve his claim of error because he did not tender a legally correct jury instruction to the district court. Under Rule 5-608(D) NMRA, to preserve a claim of error for failure to instruct "a correct written instruction must be tendered before the jury is instructed." The purpose of Rule 5-608(D) "is to alert the trial court to the defendant's argument." *State v. Jernigan*, 2006-NMSC-003, ¶ 10, 139 N.M. 1, 127 P.3d 537. To that end, "if the record reflects that the judge clearly understood the type of instruction the [d]efendant wanted and understood the tendered instruction needed to be modified to correctly state the law, then the issue is deemed preserved for appellate review." *Id.* Here, Defendant tendered his requested instruction—"[a] sixteen-year-old can lawfully consent to sexual activity"—to the district court, and the parties engaged in substantial

3

argument over its propriety. The district court had ample opportunity to provide a correct instruction, if Defendant's requested instruction was indeed incorrect, but did not do so because it believed the age of consent to be irrelevant. *See id.* ¶ 15 (holding that an issue of failure to instruct was preserved when the district court "understood [the d]efendant wanted an attempted voluntary manslaughter instruction and had an opportunity to modify the instruction to correctly state the law . . ."). Thus, Defendant's claim of error is preserved, and we review for reversible error.

{6}     Defendant's argument is two-fold. First, Defendant broadly asserts that "where the alleged Victim is [sixteen] or [seventeen] years old, New Mexico precedent clearly recognizes that a lack of consent, as a component of unlawfulness, is an essential element [of CSPM by force or coercion] upon which the jury must be instructed." Second, Defendant contends that the specific facts of this case supported an instruction on the age of consent in New Mexico, and the failure to instruct accordingly resulted in juror confusion.

{7}     As to Defendant's first argument, this case does not require us to examine whether consent is an essential element of CSPM by force or coercion. The jury was instructed that to convict Defendant of CSPM it must conclude that the act charged in Count 1 was "unlawful." It was further instructed that "[f]or the act to have been unlawful it must have been done without consent and with the intent to arouse or

4

gratify sexual desire." *See* UJI 14-132 NMRA. The unlawfulness instruction was given to the jury at Defendant's request, and over the State's objection. Requiring the jury to find that Defendant acted without consent contradicts our Supreme Court's statement in *State v. Samora*, 2016-NMSC-031, 387 P.3d 230. There, our Supreme Court noted that in a prosecution for criminal sexual penetration of a child between the ages of thirteen and eighteen by force or coercion, "if the prosecution has proved that force or coercion was used by the perpetrator, it has also necessarily proved that the act was non-consensual, and a separate finding of a lack of consent is not required." *Id.* ¶ 26; *see also Begaye*, 2022-NMCA-012, ¶ 12 (rejecting an argument that our Supreme Court's statement in *Samora* was dicta, concluding that "the use of force on a child between the ages of thirteen and eighteen makes consent irrelevant"); *see also* NMSA 1978, § 30-9-10(A) (2005) ("Physical or verbal resistance of the victim is not an element of force or coercion."). However, unchallenged jury instructions become law of the case on appeal. *Estate of Saenz ex rel. Saenz v. Ranack Constructors, Inc.*, 2018-NMSC-032, ¶ 40, 420 P.3d 576. Rather than the propriety of instructing on the age of consent, the question before us is, *given* the fact the jury was instructed as such, was the district court required to further instruct on the legal age of consent in New Mexico.

{8}     We therefore address whether the facts warranted an instruction on the legal age of consent in New Mexico and if the instruction would have confused or misled

5

the jury. "When evidence at trial supports the giving of an instruction on a defendant's theory of the case, failure to so instruct is reversible error." *See State v. Brown*, 1996-NMSC-073, ¶ 34, 122 N.M. 724, 931 P.2d 69. A review of the record makes clear that Defendant's theory of the case was not that the Victim consented, but that he never penetrated her. The only evidence at trial concerning consent was provided by the Victim—and she denied that she gave it. The Victim testified that she repeatedly told Defendant, "No. I don't want to do that. No," and "No, I didn't want to, really," when he digitally penetrated her vagina. Defendant does not point us to any evidence to the contrary. While he asserts that the Victim consented to going on a date and to kissing, consent to those prior acts is not evidence of consent to digital penetration. "A person is entitled to withdraw [their] consent or express a lack of consent to an act of criminal sexual penetration at any point prior to the act itself . . . ." *See State v. Pisio*, 1994-NMCA-152, ¶ 38, 119 N.M. 252, 889 P.2d 860. No evidence of consent to digital penetration was presented during trial, even during Defendant's cross-examination of the Victim.

{9}     We nevertheless acknowledge that consent was put in issue when the district court instructed the jury that to convict Defendant of CSPM it must find that he acted without consent. Defendant argues that by not further instructing the jury on the age of consent in New Mexico, the district court failed to instruct on "all questions of law essential for a conviction of" CSPM by force or coercion, constituting reversible

error. However, even if we were to assume including the language regarding consent into the unlawfulness instruction made the age of consent essential, "[w]hen there can be no dispute that the essential element was established . . . failure to instruct on that element does not require reversal of the conviction." *Santillanes v. State*, 1993-NMSC-012, ¶ 32, 115 N.M. 215, 849 P.2d 358.

{10} Furthermore, providing the jury with an instruction requiring it to find that Defendant acted without consent also establishes on its face that consent was a legal possibility. Under the facts of this case, no rational jury could have concluded that the Victim was not legally capable of consenting, and providing an instruction on the matter would have served only to suggest that the jury had to determine a fact not in issue. *See id.* ¶ 34. Thus, refusing to give Defendant's requested instruction did not amount to reversible error.

## II.     The Jury's Question

{11} We next address whether the district court erred when it refused to answer the jury's question, "What is the legal age of consent in the State of New Mexico?" "The decision to issue additional jury instructions generally lies within the sound discretion of the [district] court." *State v. Juan*, 2010-NMSC-041, ¶ 16, 148 N.M. 747, 242 P.3d 314. We accordingly review the district court's decision not to answer the jury's question in this case for abuse of discretion. *See State v. Wall*, 1980-NMSC-034, ¶ 10, 94 N.M. 169, 608 P.2d 145 (reviewing a district court's response

7

to a jury question for abuse of discretion), *overruled on other grounds by State v. Lucero*, 1993-NMSC-064, ¶ 13, 116 N.M. 450, 863 P.2d 1071. "An abuse of discretion occurs when the ruling is clearly against the logic and effect of the facts and circumstances of the case. We cannot say the [district] court abused its discretion by its ruling unless we can characterize [the ruling] as clearly untenable or not justified by reason." *State v. Rojo*, 1999-NMSC-001, ¶ 41, 126 N.M. 438, 971 P.2d 829 (internal quotation marks and citation omitted). And although a district court may rightly decline to answer certain jury questions, it is an abuse of discretion for the district court to fail to answer requests from the jury to clarify "the legal principles governing a case." *See Juan*, 2010-NMSC-041, ¶ 16.

{12}	The district court explained its decision not to answer the jury's question as follows: "[Age of Consent] was never an issue at trial. It just wasn't. Nobody argued it; nobody suggested it; it was never part of anybody's theory, and I'm just concerned that it's confusing to add the instruction." Given our discussion above regarding whether it was appropriate to instruct on the age of consent, we cannot say that the district court's decision is "clearly against the logic and effect of the facts and circumstances of the case." *Rojo*, 1999-NMSC-001, ¶ 41.

{13}	Neither did the district court fail to answer a question pertaining to the core legal principles in this case, like Defendant suggests. In *Juan*, our Supreme Court reversed and remanded for a new trial when the district court failed to answer the

8

jury's question concerning whether it must continue to deliberate until a verdict was reached, or if a "non-verdict or a hung jury was an option." *Juan*, 2010-NMSC-041, ¶ 18 (alteration and internal quotation marks omitted). Our Supreme Court held that "when a jury requests clarification regarding the legal principles governing a case, the [district] court has a duty to respond promptly and completely to the jury's inquiry." *Id.* ¶ 16. "Moreover . . . when a statement is submitted to the court by the jury during deliberations concerning the inability of the jury to arrive at a verdict, together with a disclosure of the numerical division, the judge *must* communicate with that jury in some fashion." *Id.* ¶ 17 (internal quotation marks and citation omitted).

{14}     The jury in *Juan* had been instructed that it may only return a verdict of guilty or not guilty. *Id.* ¶ 18. The jury's question came at 7:30 p.m. on a Friday night, and the jury continued deliberating until 9:48 p.m. *Id.* ¶ 19. The district court answered an earlier question regarding the length of deliberations, but refused to answer the jury's later question indicating that it was having trouble reaching a consensus. *Id.* ¶ 12. Based on those facts, our Supreme Court concluded that the district court's failure to answer the jury's question "left the jury with the impermissible impression that it must continue its deliberations indefinitely until the minority juror or jurors abandoned their convictions to arrive at a verdict with the majority." *Id.* ¶ 19

(alteration, internal quotation marks, and citation omitted). The district court thus "coerced the jury into reaching a verdict." *Id.*

{15} Here, there were no questions from the jury indicating that it would not be able to reach a verdict. Although Defendant argues the jury "was coerced into believing the age of consent was [eighteen] years old," the jury's question concerning the age of consent in New Mexico does not alone indicate this to be true. Defense counsel also affirmatively and proactively counteracted any such confusion in his closing argument, when he told the jury that the age of consent in New Mexico was sixteen, stating,

> You know, the age of consent in New Mexico is [sixteen]. You know, a [sixteen]-year-old young woman can do whatever she wants to. You can think that's not okay, and I won't disagree with you, but [the Victim] thought it was okay, and [Defendant] thought it was okay, and there's nothing illegal about it.

The jury was free to issue a verdict of not guilty based on Defendant's theory of the case—that no sexual acts occurred—or it could have failed to reach a verdict, something Defendant concedes the jury knew to be an option. *Juan* is thus inapposite, as it cannot be said that by not answering the jury's question the district court "left the jury with the impermissible impression that it must continue its deliberations indefinitely," thus coercing the jury into rendering a verdict. *Id*.

10

## III.    Defendant's Motion for New Trial

{16}    The final issue we address is whether the district court erred in denying Defendant's motion for a new trial based on newly discovered evidence. Rule 5-614 NMRA governs motions for a new trial and provides the grounds and time limits for them. Motions for a new trial "are not favored," *State v. Stephens*, 1982-NMSC-128, ¶ 7, 99 N.M. 32, 653 P.2d 863, and we review a district court's decision to deny a motion for a new trial for "manifest abuse of discretion." *State v. Bryant*, 2023-NMCA-016, ¶ 39, 525 P.3d 367 (internal quotation marks and citation omitted), *cert. denied* (S-1-SC-39550, Feb. 1, 2023).

{17}    Defendant contends that he discovered new evidence when he polled the jury and a juror allegedly claimed that they assumed the age of consent in New Mexico was eighteen based on the CSPM instruction requiring the Victim to be between ages thirteen and eighteen. The State counters that this was not "new evidence" and Defendant's motion, filed thirty days after trial, was thus untimely. Defendant does not reply to this argument.

{18}    Regarding motions for a new trial based on newly-discovered evidence, our Supreme Court has held as follows:

> A motion for a new trial is properly denied unless the newly-discovered evidence is such that (1) it will probably change the result if a new trial is granted; (2) it must have been discovered since the trial; (3) it must be such that it could not have been discovered before the trial by the exercise of due diligence; (4) it must be material to the issue; (5) it must

11

not be merely cumulative; and (6) it must not be merely impeaching or contradictory.

*Stephens*, 1982-NMSC-128, ¶ 7 (internal quotation marks and citation omitted). Defendant cannot establish each of these requirements, and thus his motion for a new trial was properly denied.

{19}     First, there is no evidence of the jury's responses during polling before us. Defendant's only citations to the record in support are of statements from trial counsel in his motion for a new trial. But "'argument of counsel is not evidence.'" *State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 (alteration omitted) (quoting *Wall v. Pate*, 1986-NMSC-014, ¶ 5, 104 N.M. 1, 715 P.2d, 449, *overruled on other grounds by Sunnyland Farms, Inc. v. Cent. N.M. Elec. Co-op., Inc.*, 2013-NMSC-017, 301 P.3d 387). Second, this "evidence" is no more illuminating of any potential jury confusion than the jury's question, over which there was significant argument during trial. The district court accordingly thought it to be cumulative, and we agree. And although Defendant also argued below that the district court should grant the motion "in the interests of justice," such an argument was untimely under Rule 5-614(C). Because Defendant did not present newly-discovered evidence, and any other argument was untimely, the district court was well within its discretion to deny his motion.

**CONCLUSION**

{20}    For the foregoing reasons, we affirm.

{21}    **IT IS SO ORDERED.**

_____

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

_____
**KRISTINA BOGARDUS, Judge**

_____
**GERALD E. BACA, Judge**

13