This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-37590

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**MICHAEL STEPHEN KEATON,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Daniel A. Bryant, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J.  Baur, Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}**    Defendant appeals from his plea of guilty to felon in possession of a firearm, possession of methamphetamine, and larceny over $500. This Court issued a notice of proposed disposition, proposing to affirm. Defendant filed a memorandum in opposition and motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny the motion to amend and affirm.

**{2}**    Defendant contends he suffered several instances of ineffective assistance of counsel. [DS 6] Our notice proposed to affirm, on the basis that Defendant did not establish a prima facie case of ineffective assistance. [CN 4] Our notice also suggested

that Defendant's claims would be more appropriately handled through a habeas corpus proceeding. [CN 5-6]

{3}     In his memorandum in opposition, Defendant continues to contend that counsel was ineffective by failing to file speedy trial motions earlier in the process, as Defendant sat in jail for more than three years awaiting trial while counsel litigated the fee structure for contract counsel. [MIO 14-15] Defendant now argues that this Court's proposed conclusion characterizing this delay as strategic is erroneous, because the case we proposed to rely on, *State v. Castro*, 2017-NMSC-027, ¶ 37, 402 P.3d 688 is distinguishable. [MIO 15] *See id.* (rejecting a claim of ineffective assistance of counsel in a case when the period of inactivity was nearly three years, on grounds that "it is plausible that [counsel] failed to raise [the d]efendant's right to a speedy trial either in accordance with a trial strategy or to delay [the d]efendant's possible deportation. Delay is not an uncommon defense tactic." (internal quotation marks and citation omitted)). Defendant contends that the distinction is that while the ineffective assistance issue was never considered by the district court in *Castro*, in the present case trial counsel argued to the district court he could not provide effective assistance without better pay, and such assertions demonstrated a conflict of interest. [MIO 15] However, while the arguments regarding pay were presented on the record by trial counsel, there were no facts developed to support counsel's assertion that there were motions he intended to file, but could not, due to contract pay inadequacies. [MIO 15-16] *See State v. Cordova*, 2014-NMCA-081, ¶ 14, 331 P.3d 980 ("Argument of counsel is not evidence."). Likewise, Defendant's assertions—that "[c]ounsel's attempts to use [Defendant]'s case to extract more pay illustrated an inherent conflict of interest," and that, based on the lack of filings in the record, as well as existing filings regarding pay for contract counsel, it is clear "from the face of the record" that counsel's financial interests came before his client's interest—were arguments of counsel rather than development of a record. [MIO 15-16]. Without such a record developed, a prima facie case of ineffective assistance of counsel was not established.

{4}     Next, Defendant now contends that although Defendant's motion below was styled as a motion to reconsider, it was effectively a motion to withdraw his plea, and he states that at that hearing, the prosecutor made comments suggesting there was some discussion on the record regarding Defendant's counsel's ineffectiveness. [MIO 17] However, Defendant also acknowledges that the log notes do not reflect such an argument was made, but merely suggest a possible interpretation of the discussion. [MIO 17] This acknowledgement confirms that there is not an adequate record upon which we can review the ineffective assistance claim, and therefore prima facie ineffective assistance of counsel has not been established.

{5}     Defendant also asserts that our proposed disposition faults Defendant for not developing facts regarding trial counsel's failures when he contends he was unable to do so, due to being denied counsel at the hearing where these facts might have been developed. [MIO 16] However, this contention does not dispute our proposal, and essentially acknowledges again that there was no record developed to support the

ineffective assistance of counsel claim that Defendant was without counsel at critical times in the proceedings, or how Defendant was prejudiced as a result.

**{6}** In his motion to amend, Defendant now seeks to add two issues: that the long delay in his case violated his right to a speedy trial, and that "excessive appellate delay" violated his due process rights. [MIO 1] In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *overruled on other grounds by State v. Salgado*, 1991-NMCA-044, 112 N.M. 537, 817 P.2d 730.

**{7}** Defendant asserts that the issues he seeks to add are "either preserved for appeal or may be raised for the first time on appeal." [MIO 2] However, Defendant did not raise his speedy trial argument before the district court—a fact which he acknowledges. [MIO 14-16] Although Defendant asserts that he may a raise speedy trial claim for the first time on appeal, we lack any consideration of or findings by the district court, with only the assertion that "[d]efense counsel clearly acted unreasonably[,]" Although Defendant asserts that the delay in his case could not have been strategic, due to trial counsel's filings regarding fees, the fact remains that we still lack an adequate record in the present case to review his speedy trial claim. [MIO 14-15] *See State v. Rojo*, 1999-NMSC-001, ¶ 53, 126 N.M. 438, 971 P.2d 829 (stating that "[n]othing in the record suggests such a striking violation of the constitutional right to a speedy trial that it would be appropriate to consider that issue for the first time on appeal" under Rule 12–216(B)). Therefore we deny Defendant's motion to amend as to this issue.

**{8}** Defendant also seeks to amend his docketing statement to add the issue of whether excessive appellate delay violated his due process rights. [MIO 18] He relies on the framework outlined in *State v. Garcia*, 2019-NMCA-056, ¶ 46, 450 P.3d 418, *cert. denied*, 2018-NMCERT-___ (No. S-1-SC-37766, Sept. 10, 2019) (determining that in the absence of demonstrated prejudice, a ten-year delay on appeal, during which the defendant was incarcerated, was not a due process violation). [MIO 19] In *Garcia*, we stated:

> In order to determine whether a given appellate delay violates due process, an appellate court "must (1) evaluate the impact of the appeal period on the appellant. If the impact has been prejudicial, the court shall (2) decide whether the relationship between (a) the nature and severity of the prejudice and (b) the government's alleged responsibility for it by

delaying the appeal, warrants dismissal of the information or indictment under the Fifth Amendment."

*Id.* "There are two potential forms of prejudice that courts evaluating appellate delay commonly consider: (1) prejudice to a defendant's ability to assert his or her arguments on appeal, and (2) prejudice to a defendant's right to defend him or herself in the event of retrial or resentencing." *Id.* Defendant asserts that the second form of prejudice applies to him, as his "ability to defend himself below is prejudiced . . . because one of his concerns was the sentence he received, a sentence he has now served in full." [MIO 20] Defendant asserts that if this Court does not now review all his claims, he will be denied any relief, as "having completed his entire sentence, he is no longer able to take advantage of the habeas corpus process." [MIO 21]

{9}     We note, however, Rule 5-803 NMRA is designed to be used when habeas corpus relief is unavailable, and provide post-sentence coram nobis relief. *See* Rule 5-803 comm. comment. "Since both habeas corpus and coram nobis writs may be used to challenge a judgment on the ground of ineffective assistance of counsel, the main distinction between a writ of coram nobis and a writ of habeas corpus lies in whether the defendant is in custody." *State v. Gutierrez*, 2016-NMCA-077, ¶ 29, 380 P.3d 872. "Habeas corpus applies if the defendant is in custody, whereas coram nobis applies when the defendant is no longer in custody." *Id.*

> The writ [of coram nobis] is available to one who, though convicted, is no longer in custody, to provide relief from collateral consequences of an unconstitutional conviction due to errors of fact or egregious legal errors[,] which are of such a fundamental character that the proceeding itself is rendered invalid, permitting the court to vacate the judgment.

*State v. Tran*, 2009-NMCA-010, ¶ 15, 145 N.M. 487, 200 P.3d 537. Thus, as Defendant may still pursue relief under Rule 5-803, he has not been prejudiced, and we deny his motion to amend.

{10}    Ultimately, Defendant has not presented any facts, authority, or argument in his memorandum in opposition that persuade this Court that our proposed disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law.").

{11}    Accordingly, for the reasons stated above and in this Court's notice of proposed disposition, we affirm. Defendant's motion to amend is denied.

{12}    **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**ZACHARY A. IVES, Judge**