This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-40230**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**TERRY CHRISTIANSEN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Daylene Marsh, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Attorney General
Albuquerque, NM

for Appellee

Liane E. Kerr
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**IVES, Judge.**

**{1}**   This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases Involving the Law Offices of the Public Defender, From the Eleventh Judicial District Court in In re Pilot Project for Criminal Appeals, No. 2019-002, effective October 1, 2019. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief and answer brief, we affirm for the following reasons.

**{2}** Defendant appeals from his conviction for tampering with evidence. On appeal, Defendant is challenging the sufficiency of the evidence, claiming that he received ineffective assistance of counsel, and claiming that the district court erred in denying his motion for a new trial.

## SUFFICIENCY OF THE EVIDENCE

**{3}** Defendant claims that the evidence was insufficient to support his conviction. [BIC 11] When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{4}** In order to support Defendant's conviction, the evidence had to show that Defendant destroyed, changed, or hid tire impressions or tread patterns, and in doing so intended to prevent the apprehension, prosecution, or conviction of Rafael Velasquez for the crime of receiving or transferring a stolen vehicle. [RP 68]

**{5}** Our review of the facts in this case show that the State presented sufficient evidence to support Defendant's conviction. Specifically, the owner of a vehicle heard it being driven away from her home very early in the morning by an unknown individual. [BIC 1-2] She and her husband drove around looking for the vehicle and eventually located it concealed in bushes near an intersection. [BIC 2] She observed Defendant standing in a driveway nearby, and heard him raking his driveway. [BIC 2] An officer dispatched to the scene told the man (Defendant) to stop raking. [BIC 2] This officer received a name of the individual who was believed to have stolen the vehicle, and the officer thereafter testified that he knew this individual and knew that he had a relationship with the owners of the residence where Defendant had been raking the driveway. [BIC 2] Defendant told the officer that someone parked the car and ran toward the river. [BIC 3] However, the suspected thief of the vehicle was actually in the home where Defendant had been raking the driveway. The officer observed tire impressions coming onto the driveway, some of which had been raked over by Defendant. [BIC 3] Defendant changed his original story, now telling the officer that the suspect was in the house, and the suspect was thereafter located hiding in a closet. [BIC 4]

**{6}** Defendant specifically claims that there was insufficient evidence of intent. [BIC 12] As Defendant acknowledges, the jury could infer Defendant's intent to tamper from circumstantial evidence. *See State v. Schwartz*, 2014-NMCA-066, ¶ 36, 327 P.3d 1108.

Defendant asserts that there was no intent to destroy evidence, because the vehicle had already been located by law enforcement. [BIC 12] This argument ignores the State's theory of the case, which was not to prevent the discovery of the vehicle, but to show that Defendant was raking away the tire impressions in an effort to prevent the apprehension of the suspect. In addition to the raking, Defendant's evidence of intent is further bolstered by his initial false statement that he saw the suspect running away from the area, when he knew the suspect was actually hiding in his home. Finally, although Defendant claims that there was testimony that Defendant did not want the suspect on the property, the jury was free to reject this version of events. *See State v. Galindo*, 2018-NMSC-021, ¶ 12, 415 P.3d 494; *see also State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie).

## INEFFECTIVE ASSISTANCE OF COUNSEL

**{7}**     Defendant claims that trial counsel was ineffective. [BIC 15] We will not decide an ineffective assistance of counsel claim on direct appeal unless a defendant makes a prima facie showing that counsel was incompetent and the incompetence resulted in prejudice to the defense. *See State v. Richardson*, 1992-NMCA-112, ¶ 4, 114 N.M. 725, 845 P.2d 819, *abrogated on other grounds by Allen v. LeMaster*, 2012-NMSC-001, 267 P.3d 806. A defendant must show that counsel's actions were not simply matters of strategy, were made part of the record, and have prejudiced the defendant. *See State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 (stating that "a prima facie case is not made when a plausible, rational strategy or tactic can explain the conduct of defense counsel" (internal quotation marks and citation omitted)).

**{8}**     Here, Defendant is raising multiple claims of ineffective assistance of counsel, which we organize as follows. [BIC 15] First, Defendant claims that his attorney failed to communicate with him. [BIC 17] This claim lacks a sufficient record for us to review on direct appeal. *State v. Hunter*, 2001-NMCA-078, ¶ 18, 131 N.M. 76, 33 P.3d 296 (stating that "[m]atters not of record present no issue for review"). Second, Defendant points to counsel's failure to file a witness list, or interview and present witnesses who were in Defendant's residence at the time and could presumably testify about the events that happened during this incident. [BIC 17] With regard to counsel not calling witnesses, "the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Hunter*, 2006-NMSC-043, ¶ 13, 140 N.M. 406, 143 P.3d 168 (internal quotation marks and citation omitted). Defendant has not rebutted the presumption by demonstrating, based on the record before us, that no sound tactic or strategy justified counsel's approach. *See State v. Garcia*, 2011-NMSC-003, ¶ 33, 149 N.M. 185, 246 P.3d 1057. With respect to Defendant's allegation that counsel did not investigate these witnesses because counsel did not believe the matter would go to trial [BIC 7], this again is a claim where the record is inadequate to review on direct appeal. We also note that Defendant's motion for a new trial included an affidavit of at least one individual who was in the house, who stated that law enforcement entered the house without their knowledge or permission. [BIC 8] We do not see how Defendant would have been prejudiced by any failure to call these witnesses for the

purpose of whether law enforcement had their permission to enter the home, since Defendant himself had assisted the officers in seeking the suspect's removal from his home. [BIC 4] *See In re Ernesto M., Jr.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.") Finally, we are not persuaded by Defendant's general assertion [BIC 19-21] that counsel should have been more adversarial or spent more time on the case, since it is purely speculative that this would have changed the outcome. *See id*; *see also State v. Orosco*, 1991-NMCA-084, ¶ 36, 113 N.M. 789, 833 P.2d 1155 ("Without more facts indicating that trial counsel's actions were truly an error and not a strategy, we cannot say there was ineffective assistance of counsel on this basis."); *State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("A general claim of failure to investigate is not sufficient to establish a prima facie case if there is no evidence in the record indicating what information would have been discovered.").

**{9}** To the extent that Defendant's claims of ineffective assistance of counsel may have merit based on additional matters not currently in the record, we believe those claims are more appropriately addressed in a habeas proceeding. *See State v. Grogan*, 2007-NMSC-039, ¶ 9, 142 N.M. 107, 163 P.3d 494 (expressing a preference for habeas corpus proceedings to address ineffective assistance of counsel claims).

**NEW TRIAL**

**{10}** Defendant claims that the district court erred in denying his motion for a new trial, which was based on his assertion of ineffective assistance of counsel. [BIC 22]. An appellate court "will not disturb [the district] court's exercise of discretion in denying or granting a motion for a new trial unless there is a manifest abuse of discretion." *State v. Garcia*, 2005-NMSC-038, ¶ 7, 138 N.M. 659, 125 P.3d 638.

**{11}** Our courts have recognized that a motion for a new trial may be granted based on ineffective assistance of counsel. *See generally State v. Grogan*, 2007-NMSC-039, ¶ 18, 142 N.M. 107, 163 P.3d 494 (affirming the grant of a new trial based on obvious ineffective assistance of counsel). However, as discussed above, we have concluded that Defendant has not established a prima facie showing of ineffective assistance of counsel in this direct appeal of his conviction. Accordingly, we see no error in denying the motion for a new trial.

**{12}** For the reasons set forth above, we affirm.

**{13}  IT IS SO ORDERED.**

**ZACHARY A. IVES, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA, Judge**

**MEGAN P. DUFFY, Judge**