This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42507**

**STATE OF NEW MEXICO,**

 Plaintiff-Appellee,

v.

**CHRIS ALLEN PRIVETTE a/k/a**
**CHRISTOPHER PRIVETTE,**

 Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Jeffrey Shannon, District Court Judge**

Raúl Torrez, Attorney General
Santa Fe, NM
Michael J. Thomas, Assistant Solicitor General
Albuquerque, NM

for Appellee

Ben A. Ortega
Albuquerque, NM

for Appellant

### MEMORANDUM OPINION

**BACA, Judge.**

**{1}** This matter was submitted to the Court on Defendant's brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, the Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}**     Defendant appeals from the district court's judgment and sentence for kidnapping (first degree) and possession of a firearm by a felon following a jury trial. [2 RP 322-25] Defendant contends that the district court erred by denying Defendant's motion to sever the possession of a firearm by a felon charge at trial [BIC 13-14; RB 1-5] and that the State committed prosecutorial misconduct by coaching a witness's testimony before trial. [BIC 14-19; RB 5-8]

## I.     Motion to Sever

**{3}**     Defendant argues that the district court erred by denying his motion to sever the felon in possession charge from the remaining charges at trial. [BIC 13-14; RB 1-5] The State requests that we review Defendant's argument for fundamental error, arguing that Defendant failed to timely preserve his argument. [AB 4-9] Even assuming that Defendant adequately preserved this issue, for the reasons that follow, we conclude that reversal is not warranted.

**{4}**     Defendant's argument on appeal indirectly challenges our standard of review. Defendant contends that the district court erred by denying his motion to sever because the district court concluded that including the felon in possession charge did not prejudice Defendant at trial and that reversal is mandated. [BIC 13-14; RB 1-2, 4-5] Defendant argues that our Supreme Court explicitly dispensed with the prejudice analysis and consideration when ruling on a motion to sever charges, citing to *State v. Garcia*, 2011-NMSC-003, ¶ 22, 149 N.M. 185, 246 P.3d 1057, and that reversal is mandated without any analysis of prejudice on appeal. [*See* BIC 13-14; RB 1-2; 4-5] While we agree that the district court abused its discretion in failing to sever Defendant's felon in possession charge, we do not agree that reversal without consideration of actual prejudice is the appropriate standard of review on appeal.

**{5}**     In *Garcia*, our Supreme Court modified the framework for determining error when denying a motion to sever—"[a]ccordingly, we modify [*State v. Dominguez*, 2007-NMSC-060, 142 N.M. 811, 171 P.3d 750,] to require a trial judge to sever or bifurcate a felon in possession charge when the trial judge determines that prior felony evidence is not cross-admissible. The trial judge may exercise his or her discretion only as to whether to sever or bifurcate, considering the competing advantages and disadvantages of the two alternatives." *Garcia*, 2011-NMSC-003, ¶ 22. As our Supreme Court explained, "This approach affords trial judges clearer guidance than we provided in *Dominguez* and eliminates any risk of actual prejudice that almost always arises in the admission of prior felony convictions that are not cross-admissible." *Id.*  Given this standard and the fact that there is no dispute that Defendant's felony conviction was not cross-admissible, we agree with Defendant that the district court erred by not granting his motion to sever the felon in possession charge.

**{6}**     This, however, does not mean, as Defendant suggests, that automatic reversal is required. That is, our Supreme Court did not eliminate prejudice as the core principle guiding the analysis on appeal when a district court errs in failing to sever or bifurcate a felon in possession of a firearm charge. *See id.*; *Dominguez*, 2007-NMSC-060, ¶ 13.

"Even when the trial court abuses its discretion in failing to sever charges, appellate courts will not reverse unless the error actually prejudiced the defendant." *State v. Romero*, 2019-NMSC-007, ¶ 31, 435 P.3d 1231. (internal quotation marks and citation omitted). "Defendant has the burden of proving that he suffered prejudice from joinder of charges in this case." *See Dominguez*, 2007-NMSC-060, ¶ 13; *see also id.* (concluding that "because of the overwhelming weight of the uncontroverted evidence supporting guilt in this case, the efforts by the trial judge to mitigate the effect of the disputed evidence, and the dissimilar nature of the charged offenses, no prejudice resulted from the failure to sever").

{7}     Our review of the record proper shows that the district court sua sponte discussed the felon in possession charge with counsel to ensure that the State intended to proceed with the charge. [9/10/2024 CD 9:44:00-44:15] The district court notified the jury during voir dire that Defendant was being charged with one count of felon in possession. [*Id.* 9:44:35-44:45] During voir dire, the district court emphasized the State's burden to prove each crime beyond a reasonable doubt. [*Id.* 9:44:45-45:15] Before counsel questioned the jury, Defendant made an oral motion to sever during voir dire. [*Id.* CD 11:39:40-41:30] The district court expressed concerns about "ringing the bell" to the jury [*id.* CD 11:43:00-43:15], but commented that the timing of the motion is what caused this issue. [*Id.* 11:45:30-46:00]

{8}     When the district court revisited the motion after jury selection, the district court concluded that its ruling needed to be based on whether Defendant was "actually prejudiced" by the inclusion of the charge. [*Id.* 2:23:00-25:00] The district court additionally concluded that two of the possible underlying felonies—conspiracy to commit armed robbery and a previous felon in possession conviction—would prejudice Defendant by admitting it into evidence. However, evidence of Defendant's previous conviction for possession of a controlled substance would not prejudice Defendant if used at trial. [*Id.* 2:32:15-33:15] As such, the district court stated that it would allow the State to proceed without severance so long as the possession of a controlled substance previous felony formed the basis of Defendant's felon in possession charge in the instant case [*Id.* 2:33:15-33:45] because it was a nonviolent offense not related to the charges Defendant was accused of. [*Id.* 2:42:00-42:10] All three of the felonies were included in the same judgment and sentence, but the felon in possession charge was based on a separate plea and disposition agreement. [*Id.* 2:34:00-36:20] Defense counsel acknowledged that she would be fine proceeding so long as information related to the prejudicial felonies was redacted. Accordingly, the district court required the document be redacted to remove any mention of the two prejudicial prior felonies, to which the State agreed. [*Id.* 2:40:35-42:35]

{9}     During its opening statement, the State only commented that during the investigating officer's testimony, the jury would hear that "Defendant was a convicted felon." [*Id.* CD 3:06:48-06:53] During trial, the State introduced evidence of Defendant's previous felony through the testimony of the investigating officer. [*Id.* 3:49:00-4:03:55] The officer testified that he ran a criminal background check on Defendant during his investigation. [*Id.* 3:59:10-59:30] When the State approached the officer and handed

him State's Exhibit 2, the officer testified that it contained the same information that the officer found when he ran the criminal background check. [*Id.* 3:59:30-4:00:55; 2 RP 269] The State then moved to admit the exhibit, and Defendant did not object. [9/10/2024 CD 4:00:55-01:10] When the State published the exhibit, the officer testified that it was a plea and disposition agreement containing the same information he found when investigating Defendant, and identified Defendant at trial. [*Id.* 4:01:10-02:10] The officer then testified that the plea and disposition agreement showed Defendant had pleaded guilty to a previous felony charge, and that individuals in New Mexico who had been convicted of felonies were not allowed to own firearms. [*Id.* 4:02:10-02:35] The officer additionally testified that the conviction occurred six years prior to the instant case. [*Id.* 4:02:35-03:22] After the district court sustained an objection from defense counsel [*Id.* 4:03:22-03:50], the State moved on to a new line of questioning. [*Id.* 4:03:50-03:55]

{10} The jury instructions submitted notified the jury that "[n]either sympathy nor prejudice should influence your verdict" [1 RP 211] and that "[e]ach crime charged in the complaint should be considered separately." [1 RP 214] In order to find Defendant guilty of felon in possession, the jury was instructed that the State must prove beyond a reasonable doubt that "[D]efendant, in the proceeding ten years, was convicted and sentenced to one or more years imprisonment by a court of the United States or a court of any state." [1 RP 226] The district court read these instructions to the jury. [9/12/2024 CD 11:41:50-42:11; 11:43:14-43:22; 11:54:44-55:22]

{11} Finally, during closing arguments, the State discussed the testimony presented about Defendant's use and possession of the firearm, and only referenced State's Exhibit 2 without discussing Defendant's underlying conviction while reviewing the jury instructions previously read to the jury. [*Id.* 12:24:32-26:00] The State did not mention the felon in possession charge during its reply at closing arguments except in passing and instead focused on the kidnapping charge. [*Id.* 1:31:54-1:52:10]

{12} Based on our review of the record, the State minimally focused on the fact that Defendant was a convicted felon during its opening statement, at trial, and during its two closing arguments. Although listed on State's Exhibit 2, Defendant's previous conviction for possession of a controlled substance was never emphasized, and the State's discussion of Defendant's status as a convicted felon was brief and limited at trial. Further, the district court took additional steps to ensure Defendant was not prejudiced at trial. The district court notified the State that only the possession of a controlled substance conviction would be admissible as an unrelated, nonviolent conviction. The district court additionally required the State to redact all mention of the previous conspiracy to commit armed robbery and a previous felon in possession conviction. Defense counsel agreed that these steps sufficiently protected Defendant at trial. Moreover, the jury instructions notified the jury to consider each crime individually, and placed no emphasis on what Defendant was previously convicted of to form the basis of the felon in possession charge.

**{13}** We therefore conclude that, although the district court abused its discretion by denying Defendant's motion to sever the felon in possession charge at trial, because Defendant was not actually prejudiced by the admission of his previous conviction for possession of a controlled substance, reversal is not warranted. *See Garcia*, 2011-NMSC-003, ¶¶ 20-21 (concluding that the district court's denial of his motion to sever was harmless error because the defendant was not actually prejudice given "the [s]tate never identified the names or any details of the prior offenses and only generically mentioned the fact of the prior offenses as an element of the felon in possession charge," the state "in no way intertwin[ed] the past felony evidence" with the instant charges, and the district court "took a further step to mitigate any impact of the prior felony evidence" (internal quotation marks and citation omitted)).

## II. Prosecutorial Misconduct

**{14}** Defendant argues that the State committed prosecutorial misconduct by coaching a witness prior to trial and after Defendant conducted his own pretrial interview where the witness claimed to not remember the incident. [BIC 14-19; RB 5-8] Defendant admits that "the prosecutor did not make statements herself that amounted to misconduct." [BIC 16] Instead, Defendant alleges in his brief in chief that

> the [S]tate would have been aware of the statements [the witness] was going to make at his interview in advance of the interview. If [the witness]'s lack of memory [was] genuine, this would have prompted the [S]tate to, for example, show him the videos that he later claimed to restore his memory and to do this before the interview. It therefore follows that either the [S]tate put [the witness] up to falsely holding his memory out to be non[]existent at the interview, only to be coached afterwards to ambush [Defendant] at trial, or [the witness] claimed a lack of memory all on his own to be pressured by the [S]tate after the interview into changing his statements from the interview into his trial testimony.

[BIC 18] Defendant further alleges in his reply brief: "[T]he [S]tate's actions on coaching [the witness] were specifically intended to remedy a sufficiency of the evidence problem" [RB 6]; "[the witness] went from remembering almost nothing about the case to almost fifty minutes of testimony which was crucial for the [S]tate in securing a conviction of [Defendant]" [RB 7]; and "[g]iven the incriminating and detailed nature of [the witness]'s testimony it is virtually certain that the [S]tate was involved in prepping [the witness] for the testimony he gave at trial." [RB 8]

**{15}** Defendant acknowledges that he failed to preserve this argument [BIC 14], and therefore we review his claim for fundamental error. *See State v. Lensegrav*, 2025-NMSC-016, ¶ 27, 572 P.3d 924 (explaining that we review unpreserved claims of prosecutorial misconduct for fundamental error). "Prosecutorial misconduct rises to the level of fundamental error when it is so egregious and had such a persuasive and prejudicial effect on the jury's verdict that the defendant was deprived of a fair trial." *Id.* ¶ 28 (internal quotation marks and citation omitted). "To arrive at this conclusion and hold

that fundamental error occurred, we must be convinced that the prosecutor's conduct created a reasonable probability that the error was a significant factor in the jury's deliberations in relation to the rest of the evidence before them." *Id.* (internal quotation marks and citation omitted).

**{16}** We disagree that the State's alleged acts rise to the level of fundamental error. As Defendant admits, "meeting with witnesses prior to trial is legitimate preparation." [RB 7] While Defendant speculates as to what occurred during the witness interview, Defendant provides neither citation to the record proper nor citation to caselaw to support his argument that the State committed prosecutorial misconduct by refreshing the witness's memory with the witness's own recorded statements. [BIC 14-19; RB 5-8] *See State v. Cordova*, 2014-NMCA-081, ¶ 10, 331 P.3d 980 ("[A]rgument of counsel is not evidence." (internal quotation marks and citation omitted)). Our review of the record similarly provides no support for Defendant's claims that the State improperly coached the witness during his pretrial interview. As such, we disagree with Defendant's characterization of events. *See State v. Lopez*, 1986-NMCA-094, ¶ 42, 105 N.M. 538, 734 P.2d 778 (stating that "[w]hile it is patently improper for a prosecutor to advise a witness to testify falsely or to phrase a witness'[s] testimony," we will "find no error" when "there is no showing in the record that the witness testified falsely" and "does not support the claim of improper coaching").

**{17}** Further, although Defendant focuses on the inconsistencies of the witness's own testimony about his memory of the incident, Defendant acknowledges that this is a credibility question for the jury's consideration. [RB 6] Defendant similarly acknowledges that the State presented sufficient evidence to support his convictions. [RB 6] Additionally, Defendant was provided the opportunity to cross-examine the witness. [9/11/2024 CD 10:02:40] This alone is "adequate corrective measure" if the alleged coaching occurred. *See State ex rel. Child., Youth & Fams. Dep't v. Rosalia M.*, 2017-NMCA-085, ¶ 13, 406 P.3d 972; *cf. id.* ("The opposing counsel in the adversary system is not without weapons to cope with coached witnesses. A prosecutor may cross-examine a defendant as to the extent of any coaching. Skillful cross-examination could develop a record which the prosecutor in closing argument might well exploit by raising questions as to the defendant's credibility." (text only) (citation omitted)).

**{18}** We therefore conclude that Defendant has failed to establish that the State committed prosecutorial misconduct that rose to the level of fundamental error. Accordingly, we do not address Defendant's argument that the misconduct was so egregious as to bar retrial. [BIC 15-19]

**{19}** For the foregoing reasons, we affirm.

**{20}** **IT IS SO ORDERED.**

**GERALD E. BACA, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Judge**

**MEGAN P. DUFFY, Judge**